IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                                         ) | |
|             Plaintiff,                         ) | |
|                                                         ) | |
| v.                                                   ) | Case No. CR-95-158-D |
|                                                         ) | |
| JOHN R. TAYLOR,                       ) | |
|                                                         ) | |
|             Defendant.                     ) | |

**O R D E R**

Before the Court is Defendant John R. Taylor's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 290]. Defendant seeks the reduction of a 360-month prison sentence imposed on January 21, 1998, for drug offenses involving cocaine base.[1] In his motion, Defendant invokes a recent amendment to the Sentencing Guidelines that took effect November 1, 2007, and generally adjusts downward by two levels the base offense level assigned to quantities of cocaine base (crack) listed in the Drug Quantity Table of § 2D1.1(c). On December 11, 2007, the Sentencing Commission voted to give retroactive effect to this amendment and approved an amendment of § 1B1.10 to authorize reductions in sentences pursuant to 18 U.S.C. § 3582(c)(2). The effective date of the retroactivity amendment was March 3, 2008.

A review of Defendant's motion makes clear, however, that he is not eligible for relief under the amendment. Defendant states he was sentenced under the career offender guideline, § 4B1.1, and not the affected guideline, § 2D1.1. *See* Def.'s Mot. Reduce Sentence [Doc. No. 290], ¶ 2. Moreover, Defendant's motion rests on the proposition that his "sentence was enhanced in violation of his FIFTH Amendment right to Due Process (right to notice)." *See* Def.'s Mot. Reduce Sentence

---

[1] The court file reflects Defendant received concurrent 360-month sentences for conspiracy with intent to distribute cocaine base and possession with intent to distribute cocaine base.

[Doc. No. 290], ¶ 3. In his supporting brief, Defendant argues that because he did not receive proper notice of the sentencing enhancement before trial, he should be sentenced as a first time offender, and he argues that the sentencing guideline applied to him, § 4B1.1, is unconstitutional. Clearly, Defendant seeks a reduction of his sentence for reasons unrelated to the crack cocaine amendment.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so . . . ." *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (internal quotation omitted); *see United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). As pertinent here, the statute authorizes the court, in certain circumstances, to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. §994(o) and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Among the applicable policy statements of the Commission is U.S.S.G. §1B1.10, which sets forth the circumstances under which an amended guideline may be applied to reduce a previously imposed sentence. As amended March 3, 2008, Section 1B1.10 plainly states that a reduction is not authorized if the retroactive amendments listed in subsection (c) do not apply to the defendant or do not have the effect of lowering applicable guideline range. U.S. Sentencing Guidelines Manual § 1B1.10(a)(2). Here, the crack cocaine amendment does not apply to Defendant and, thus, will not lower the guideline range applicable to Defendant. Therefore, a modification of Defendant's sentence is not authorized.

To the extent that Defendant seeks relief from his sentence for reasons not cognizable under § 3582(c)(2), the Court notes that Defendant has previously sought post-conviction relief by motion under 28 U.S.C. § 2255. He has twice in such motions raised challenges to the career offender enhancement. *See* Motion filed 9/2/04 [Doc. No. 278]; Motion filed 7/21/05 [Doc. No. 286]. Both motions were transferred to the court of appeals for authorization to file a second or successive

motion. *See* 28 U.S.C. § 2244(b)(3). The court of appeals has previously denied such authorization, and without it, the Court lacks jurisdiction to grant relief. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). For this reason, the Court declines to treat Defendant's motion as a § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion [Doc. 290] is DENIED.

IT IS SO ORDERED this 12th day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE