IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. CR-95-158-D |
| ) | |
| JOHN R. TAYLOR,   ) | |
| ) | |
| Defendant.   ) | |

**O R D E R**

Before the Court is Defendant John R. Taylor's *pro se* Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 332]. Although the Motion cites both Amendments 706 and 750 to the United States Sentencing Guidelines, Defendant has previously requested relief under Amendment 706, which was denied by Order of February 11, 2009.[1] In connection with his earlier motion, as well as during his original trial, Defendant was permitted to represent himself. On direct appeal, Defendant's waiver of counsel was found to be voluntary, knowing and intelligent. *See United States v. Taylor*, 183 F.3d 1199, 1203-04 (10th Cir. 1999). For these reasons, and because Defendant has not currently requested counsel, the Court finds it unnecessary to appoint counsel to assist Defendant with his present motion.

Defendant seeks the reduction of concurrent 360-month prison sentences imposed on January 21, 1998, for convictions of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. Defendant relies on recent amendments to the Sentencing Guidelines that implement statutory amendments made by the Fair Sentencing Act, which sought to alleviate sentencing disparities between offenses involving crack and powder cocaine. Consistent with the

---

[1] Defendant's attempted appeal was dismissed as untimely. *See United States v. Taylor*, 362 F. App'x 924 (10th Cir. 2010).

amended statutes, Amendment 750 lowered the base offense levels assigned to quantities of cocaine base (crack) listed in the Drug Quantity Table of § 2D1.1(c) of the Sentencing Guidelines, and the Sentencing Commission determined that the changes should be given retroactive effect pursuant to § 1B1.10(c). Thus, Amendment 750 may provide a basis for sentence reductions for certain defendants pursuant to 18 U.S.C. § 3582(c)(2). It is clear from Defendant's Motion and the case record, however, that Defendant is not an offender who is potentially eligible for relief based on Amendment 750.

Defendant concedes that his sentencing range was determined under the career offender guidelines of § 4B1.1, rather than the drug quantity guidelines of § 2D1.1. Accordingly, even though Defendant's underlying convictions involved crack cocaine, Amendment 750 does not affect Defendant's applicable guideline range because § 4B1.1 remains unchanged. The Tenth Circuit has held, albeit in unpublished decisions, that a defendant sentenced as a career offender is not eligible for relief based on the guideline reductions of Amendment 750. *See United States v. Caldwell*, No. 12-1077, 2012 WL 4820730, at *2 (10th Cir. Oct. 11, 2012); *United States v. Wilkerson*, No. 11-2236, 2012 WL 2384396, *3 (10th Cir. June 26, 2012); *see also United States v. Bell*, No. 12-6038, 2012 WL 3590792, *2 (10th Cir. July 25, 2012); *United States v. Miller*, No. 12-2032, 2012 WL 2855791, *1 (10th Cir. July 12, 2012).

Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed, but a reduction is statutorily authorized by 18 U.S.C. § 3582(c)(2) if a sentencing guideline has subsequently been lowered by the Sentencing Commission and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statements in this instance are found in § 1B1.10 of the Sentencing Guidelines, which states that a reduction is <u>not</u> authorized if a listed amendment "does not have the effect of lowering the

defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). Because Amendment 750 had no effect on the career offender guidelines in § 4B1.1, a reduction of a prison sentence imposed using those guidelines is not consistent with § 1B1.10, and is not authorized by § 3582(c)(2). This conclusion is compelled by previous court of appeals' decisions considering similar crack cocaine amendments in Amendment 706, which also did not alter the career offender guidelines in § 4B1.1. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).

Therefore, the Court finds that a sentence reduction is not available to Defendant under § 3582(c)(2), and his Motion should be denied for lack of jurisdiction to grant the requested relief.

IT IS THEREFORE ORDERED that Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 332] is DENIED, as set forth herein.

IT IS FURTHER ORDERED that Defendant's Motion Requesting Ruling on Motion for Modification of Sentence [Doc. No. 338] is DENIED as moot.

IT IS SO ORDERED this 4th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE