IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. CR-95-158-D |
|  | ) |  |
| JOHN R. TAYLOR, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is Defendant's *pro se* Motion to Reconsider Abatement Order [Doc. No. 369]. Defendant seeks relief from prior orders of the Court that, first, upon motion of the government, abated further proceedings regarding his § 2255 motion until the Supreme Court issues an opinion in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, No. 15-8544, 2016 WL 1029080 (June 27, 2016), and, second, upon Defendant's motion to reconsider, adhered to the initial abatement order. *See* Order 7/26/16 [Doc No. 366]; Order 8/15/16 [Doc. No. 368]. Defendant relies on *United States v. Carey*, No. 16-8093, 2016 WL 6543343 (10th Cir. Nov. 4, 2016), in which the Tenth Circuit recently vacated a district court's order staying a case in light of *Beckles*, and directed the district court to consider the merits of a § 2255 motion challenging an application of the career offender guideline, U.S.S.G. § 4B1.1, under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).

An "intervening change in the controlling law" is a proper ground for a court to reconsider a prior order. *See United States v. Christy*, 739 F.3d 534, 539 (10th Cir.), *cert. denied*, 135 S. Ct. 104 (2014). However, the Court finds that *Carey* does not represent such a change under the circumstances presented by Defendant's § 2255 motion. Although Defendant, like Mr. Carey, seeks § 2255 relief under *Johnson* from a prison sentence that was based on the career offender guideline, there the similarity ends.

The Tenth Circuit found that a stay of Mr. Carey's § 2255 motion was an abuse of the district court's discretion because Mr. Carey received a 51-month prison sentence (the bottom of the guideline range) for illegal gun possession based on the application of the residual clause of § 4B1.2(a), but without the enhancement his guideline range would have been 27 to 33 months, and he had already served 28 months in prison. The court of appeals reasoned that "if Mr. Carey is in fact entitled to the relief he seeks in his § 2255 motion, staying resolution of his motion until the Supreme Court resolves *Beckles* will irreparably damage Mr. Carey by resulting in his prolonged confinement under an allegedly invalid sentencing determination where he would likely already have completed his sentence were it not for this constitutional error." *Carey*, 2016 WL 6543343 at *2.

In contrast, Defendant is serving two concurrent 360-month prison sentences imposed on January 21, 1998, for convictions of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. Before the convictions, Defendant had previously been convicted in 1984 of kidnapping and rape, and in 1988 of second degree robbery using a firearm. It appears these prior felony convictions would be considered

crimes of violence without regard to the residual clause of § 4B1.2(a); they likely fall within other provisions of § 4B1.2(a) that are unaffected by *Johnson*. *See*, *e.g.*, *United States v. Tate*, No. 15-10283, 2016 WL 4191909, *2 (9th Cir. Aug. 9, 2016) (second degree robbery under California statute was categorically "crime of violence" enumerated in § 4B1.2(a) and Application Note 1). Thus, unlike *Carey*, it does not appear Defendant will effectively be denied his right to timely resolution of his § 2255 motion if the stay remains in place. Further, *Carey* does not alter the Court's prior conclusion that a stay of further proceedings concerning Defendant's § 2255 motion is warranted.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Abatement Order [Doc. No. 369] is DENIED.

IT IS SO ORDERED this 23rd day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE