IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-95-158-D |
| ) | |
| JOHN R. TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion for Early Termination of Supervised Release [Doc. No. 430], filed through counsel. Defendant is currently serving a five-year term of supervised release that began April 15, 2019. Defendant states he has been compliant with his conditions of supervision for two and one-half years, except for one failure to appear for a drug test in July 2019 and one positive test in November 2019 indicating marijuana use, which he readily admitted. Defendant concedes that his drug testing was suspended during the pandemic and he has not been tested since February 2020, but he contends the lack of testing is not his fault and indicates his probation officer is not concerned about drug use. Defendant also states he has maintained steady employment and demonstrated a strong work ethic. Defendant presents documents showing continuous membership in the International Brotherhood of Electrical Workers since September 2019, current employment as a traffic controller, and significant earned income. *See* Def.'s Suppl. [Doc. No. 431].

The government has filed a Response [Doc. No. 434] opposing the Motion based on Defendant's substantial criminal history, a history of parole violations before this case, and the completion of only half of his supervised release term. The government also reports that the United States Probation Office – both in this district and in the Central District of California where Defendant is being supervised – are opposed to early termination due to Defendant's criminal history. The government does not dispute that Defendant has only twice violated a condition of supervision (regarding drug testing and marijuana use) in approximately 30 months and that he has made a positive adjustment to supervised release. The government argues, however, that applying the relevant factors of 18 U.S.C. § 3553(a) bearing on Defendant's circumstances, the Motion should be denied.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the parties' arguments, and the case record, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court has carefully considered the circumstances argued by Defendant regarding his personal history and characteristics. In addition to substantial rehabilitative efforts shown through gainful employment since his release from custody, Defendant points out that he endured a difficult childhood in a neighborhood known for criminal and gang activity and a home impacted by parental drug addiction and abuse, and

he experienced repeated incarcerations from age 17 until he received a 360-month prison sentence in this case in 1996 at age 29.[1]  Defendant reports – and the government does not dispute – that during almost 24 years of federal imprisonment he had eight disciplinary infractions, the last of which occurred in 2008.  In the Court's view, however, Defendant does not fully acknowledge the serious nature of his criminal conduct in this case, a substantial criminal history that gained him career offender status, the fact that one prior conviction was a sex offense (rape), a violation of a supervised release condition less than one year ago, and an exercise of discretion that already occurred when the Court reduced his prison sentence under the First Step Act.

In granting Defendant relief from his 30-year prison term, the Court did not reduce his original five-year term of supervised release.  Although the Court did not explain this aspect of its decision at the time, the Court determined that the supervised release term should remain unchanged because a lengthy period of supervision was reasonable and necessary in view of Defendant's offense conduct and his criminal history.  When making an assessment regarding appropriate relief under the First Step Act and reducing Defendant's sentence to time served, the Court sought to ensure that Defendant's reentry into society would be supervised by a federal probation officer and that he would be subject to appropriate conditions of supervision during the reintegration process.  The Court found a five-year term of supervised release was advisable, in part, due to concerns about the risk

---

[1] The court of appeals reversed Defendant's first conviction and remanded the case for a new trial in 1997.  See *United States v. Taylor*, 113 F.3d 1136 (10th Cir. 1997).  Defendant was again convicted and resentenced in 1998 to the same prison term.

of recidivism for a former drug trafficker who was a career offender and less than 55 years of age.[2] At this point, the Court adheres to the same view.

The Court commends Defendant for the progress he has made to date; he has taken good advantage of the Court's decision to grant him early release from prison. The Court encourages Defendant to continue his positive efforts. However, the Court does not find that early termination of Defendant's supervised release term is warranted at this time, primarily due to the nature of Defendant's offenses and his history of criminal conduct. The Court instead finds that Defendant's current request should be denied without prejudice to resubmission, if appropriate, after he serves at least one more year of supervised release in compliance with all of his release conditions.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 430] is DENIED, as set forth herein.

IT IS SO ORDERED this 1st day of November, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Although Defendant was an older inmate, he had not reached the age group (over 60 years) with the lowest rate of recidivism. *See* U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders (Dec. 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders. Also, the rate of recidivism is higher for drug trafficking offenders and offenses involving crack cocaine. *See* U.S. Sentencing Comm'n, Recidivism Among Federal Drug Trafficking Offenders (Feb. 2017), https://www.ussc.gov/research/research-reports/recidivism-among-federal-drug-trafficking-offenders.